■ In the Matter of HARRY E. WEEKS, as Chairman, Petitioner, against SUPERVISORS et al., Respondents, and ALBERT E. SANDROW et al., Intervenors.— Motion for a stay denied.

■ RUBY V. BAIRD, Respondent, v. CITY OF HORNELL et al., Appellants.— Appeal of City of Hornell dismissed for failure to comply with previous order, without costs.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. AHMED KASSIM, Appellant.— Motion granted to appeal on one certified copy of judgment roll filed pursuant to section 485 of the Code of Criminal Procedure, copy of stenographic minutes of entire proceedings of trial certified by stenographer and filed pursuant to section 456 of the Code of Criminal Procedure, and five typewritten copies of brief; John M. Tubridy, Esq., assigned as attorney to conduct appeal, and time for argument of appeal enlarged to include March 1959 Term.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARVEY RUDY, SR., Appellant.— Motion granted to appeal on one certified copy of judgment roll filed pursuant to section 485 of the Code of Criminal Procedure, copy of stenographic minutes of entire proceedings of trial certified by stenographer and filed pursuant to section 456 of the Code of Criminal Procedure, and five typewritten copies of brief.

## (January 14, 1959)

■ In Matter of GEORGE A. SWALBACH, Respondent, against STATE LIQUOR AUTHORITY, Appellant.

MEMORANDUM BY THE COURT. The State Liquor Authority has appealed from an order of Special Term which vacated and annulled a determination of the board that disapproved petitioner's application to remove and transfer his retail licensed business to a new location and which directed the approval of such removal and transfer. Upon the record before us, we cannot say that the board's determination was arbitrary or capricious (*Matter of Rockower* v. *State Liq. Auth.*, 4 N Y 2d 128), or that the record discloses circumstances which leave no possible scope for the exercise of the Authority's discretion (*Matter of Gambino* v. *State Liq. Auth.*, 4 A D 2d 37). Nor does the fact that the Authority, in making its determination, considered its general policy against the location of retail stores in or in the immediate vicinity of modern shopping plazas, render the determination arbitrary (*Matter of McGinnis' Broadway Rest.* v. *Rohan*, 6 A D 2d 115). This is particularly so in view of the facts presented in the record. Therefore, the order of Special Term must be reversed and the proceeding dismissed.

GOLDMAN, J. (dissenting). I am unable to agree with the determination of the prevailing members of this court. It would serve no useful purpose to set forth the facts in detail. Briefly, the petitioner has been licensed by the State of New York to sell liquor for off-premises consumption at 345 Central Avenue, Rochester, New York, since December, 1942. On March 26, 1957 petitioner, aware that the building in which his store was located would be required by the State to make way for the proposed Inner Loop, entered into a lease of premises at 580 Jefferson Road, Henrietta, New York. He then